IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID M. SWALLOWS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-3207 |
| | ) | |
| DANIEL Q. SULLIVAN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

David M. Swallows has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

As directed by the Court, the Respondent filed an Answer.

At the end of the day, the petition is denied.

I.

Following a guilty plea in 2009 to one count of criminal sexual assault, the Petitioner was sentenced to four years of imprisonment and an indeterminate, three-years-to-life term of mandatory supervised release (MSR). The Petitioner completed his four-year prison term on May 11, 2012. Because he could not find a suitable host site that complied with the sex offender monitoring conditions of his release, the Petitioner's MSR was revoked that same day.

In May 2014, November 2014, February 2015, May 2015, July 2015, April 2016, October 2016 and again on June 13, 2017, the issue was revisited and Petitioner's MSR was revoked due to his inability to provide a suitable host site. Thus, the Petitioner remained in prison.

On August 17, 2018, the Petitioner filed his § 2254 petition alleging that "on May 11, 2012, September 19, 2012, May 9, 2014, May 14, 2015 and May 12, 2017," he was "incarcerated without an order from the [judiciary]" and arguing that several provisions of Illinois law governing MSR permit the executive branch to order a term of incarceration, in violation of the federal separation of powers doctrine.

## II.

The Petitioner acknowledges that he has not exhausted his claims, stating that "to filer's knowledge, no ground herein has been presented to any state court and no appeal was taken." *See* Doc. No. 1, at 2. Habeas relief generally is unavailable to a petitioner who has not exhausted his claims in state courts. *See* 28 U.S.C. § 2254(b)(1). A federal court may deny an unexhausted claim on the merits. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The Court has reviewed the § 2254 petition and finds that each of the Petitioner's grounds is plainly meritless. Federal habeas relief is available only if petitioner establishes that "he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The Petitioner's claims are non-cognizable because the federal separation of powers doctrine does not apply against the states. *See Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980) ("doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States"); *Sweezy v. New Hampshire*, 354 U.S. 234, 255 (1957) ("concept of separation of powers embodied in the United States Constitution is not mandatory in state governments"). The Petitioner's allegations that state statutes permitting an agency of the executive branch to revoke his MSR violated the separation of powers doctrine do not state a cognizable claim. Each of the three grounds he asserts is without merit.

Upon reviewing the record, the Court finds that Petitioner has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), and thus is not entitled to a certificate of appealability under Rule 11(a) of the Rules Governing Section 2254 Cases. If the Court denies habeas relief on procedural grounds, a certificate of appealability should issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find

it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because it is not debatable that Petitioner's claims are unexhausted and meritless, the Court will deny a certificate of appealability.

<u>Ergo</u>, the Petition of David M. Swallows for Writ of Habeas under 28 U.S.C. § 2254 [d/e 1] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Habeas Corpus Cases, the Court DENIES issuance of a certificate of appealability.

The Clerk will enter Judgment and terminate this case.


ENTER: May 22, 2019

        FOR THE COURT:

<u>/s/ *Richard Mills*</u>
Richard Mills
United States District Judge